**Anton ANGWAR, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74053.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Eugene C. Wong, Esq., Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

CAS–District Direct, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the Dis-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

trict Counsel, Department of Homeland Security, San Francisco, CA, Gladys M. Steffens–Guzman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration, M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Division Firm, Washington, D.C., for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Anton Angwar, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir.2004), and we deny the petition for review.

■ Substantial evidence supports the BIA's determination that Angwar did not suffer past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir. 2003). Substantial evidence also supports the BIA's determination that Angwar did not establish the comparatively low level of individualized risk required under *Sael* to compel a finding of a well-founded fear of future persecution. *Cf. Sael*, 386 F.3d at 927–29. Moreover, the BIA properly considered evidence that Angwar's similarly

situated family members remaining in Indonesia have not been harmed. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996). Additionally, the record does not compel the conclusion that the ethnic and religious strife in Indonesia amounts to a pattern or practice of persecution against Chinese Christian Indonesians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir. 2007) (en banc).

Because Angwar did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

■ Substantial evidence also supports the BIA's determination that Angwar is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.